**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Estevan HERNANDEZ, Jr., Defendant-
Appellant.**

**No. 71–1656.**

United States Court of Appeals,
Fifth Circuit.

Dec. 27, 1971.

Rehearing Denied Feb. 29, 1972.

Thomas B. Taylor, Jr., Conroe, Tex. (Court-appointed) for defendant-appellant.

Seagal V. Wheatley, U. S. Atty., Jeremiah Handy, Reese L. Harrison, Jr., Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

Estevan Hernandez, Jr., appeals his conviction for failing to accept civilian employment as a conscientious objector in violation of the Military Selective Service Act of 1967, 50 U.S.C. App. §§ 451–473. Since we hold that Hernandez failed to exhaust his administrative remedies, we do not reach his contention that the draft classification was erroneous and without a basis in fact.

At the trial below the evidence showed that on April 19, 1966, the local draft board[1] classified Hernandez I–A, available for military service. Upon receiving information of Hernandez' appointment as a Regular Pioneer Minister in the Watchtower Bible and Tract Society (Jehovah's Witnesses), the board granted Hernandez a ministerial exemption by placing him in Class IV–D on October 11, 1967. Subsequently, Hernandez informed the board by letter that he was temporarily leaving the Regular Pioneer ministry to serve as a Vacation Pioneer minister. In the letter Hernandez stated that as a Regular Pioneer he had been devoting a minimum of 100 hours per month to preaching activities, while as a Vacation Pioneer he would preach from 75 to 100 hours per month.

Prior to receiving this letter the board mailed Hernandez a form for conscientious objectors (SSS Form 150) which Hernandez filled out and again stated that he was presently serving as a Vacation Pioneer.[2] With the letter and the completed conscientious objector form before it, the board reopened the IV–D classification and classified Hernandez as a conscientious objector (I–O) on October 9, 1968. The board then mailed Hernandez notice of the change in classification along with a letter[3] which informed the registrant of his right to personally appear before the board, of the right to appeal the classification, and of the availability of free counsel and advice from the Government Appeal Agent. Although Hernandez admitted that he received and read this letter, he did not request a personal appearance or appeal his I–O classification.

After several unsuccessful attempts to persuade Hernandez to select three categories of civilian work to be performed in lieu of military service,[4] the board assigned Hernandez to employment at the Austin State Hospital at Austin, Texas. Hernandez was ordered to report to the hospital on August 27, 1969, and upon his refusal to do so, he was indicted and convicted for knowingly failing to perform a duty required of him under the Military Selective Service Act of 1967, 50 U.S.C.App. §§ 462(a) and 456(j).

On appeal Hernandez contends the order to report for civilian work was void for the reason that the local draft board lacked any basis in fact for removing him from the ministerial exemption and reclassifying him as a conscientious objector. Hernandez claims he alleged facts in his letter and in the conscientious objector form which established a *prima facie* case for a IV–D exemption under the standards promulgated by this

1. Texas Local Board No. 60, Houston, Texas.

2. See Robertson v. United States, 5 Cir. 1969, 417 F.2d 440, where this court, sitting en banc, discussed the difference between the position of Regular Pioneer and that of Vacation Pioneer.

3. The letter, SSS Form 150, stated as follows:
   "Enclosed is your Notice of Classification (SSS Form 110). Your right to ask for a personal appearance or an appeal with 30 days is prescribed on the reverse side of that Notice of Classification.
   "Each local board has available a Government Appeal Agent to aid you with a personal appearance, an appeal, or any other procedural right. The Appeal Agent or his representative will give you legal counsel on Selective Service matters only at no charge.
   "If you should desire a meeting with him, this office will arrange a time and place for such meeting upon request."

4. See 32 C.F.R. § 1660.20.

court in Fitts v. United States, 5 Cir. 1964, 334 F.2d 416.[5] In addition, Hernandez argues that the board's order was illegal because he should have been granted a III-A hardship deferment based on information contained in his file at the time he was classified I-O.

Regardless of their merit, we need not decide the validity of these contentions. Under the Supreme Court's recent decision in McGee v. United States, 1971, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47, judicial review of Hernandez' classification is precluded by his failure to exhaust his administrative remedies.

In McGee v. United States, supra, the registrant was prosecuted for failing to submit to induction into the armed forces. McGee argued that his I-A classification was erroneous on two independent grounds: One, he was properly entitled to a ministerial exemption, and, alternatively, the draft board should have given him a conscientious objector classification. In regard to the ministerial exemption, McGee had deliberately refused to present evidence of his claim to his draft board, but on the conscientious objector claim he had submitted an SSS Form 150 setting out his views against participation in war. The Supreme Court held that in both instances judicial review was cut off by the registrant's failure to appeal the allegedly erroneous classification to the local draft board. Even though the Government admitted that the written information before the board provided no basis in fact for denying McGee conscientious objector status, the Court invoked the exhaustion doctrine to safeguard the board's "opportunity to 'make a factual record' and 'apply its expertise' in relation to a registrant's claim". 402 U.S. at 489, 91 S.Ct. at 1571, 29 L.Ed.2d at

56. The court distinguished its prior decision in McKart v. United States, 1969, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194, on the ground that *McKart* involved a dispute over statutory interpretation [6] while claims to exemption as a minister or a conscientious objector "depended on the application of expertise by administrative bodies in resolving underlying issues of fact". 402 U.S. at 486, 91 S.Ct. at 1569, 29 L.Ed.2d at 54.

■ In the case at hand Hernandez circumvented the Selective Service System when he failed to appeal his I-O classification and assert his claims to ministerial exemption and hardship deferment. As in McGee v. United States, supra, the administrative body was deprived of an opportunity to use its expertise and make a factual record concerning the propriety of draft classifications which the registrant now brings before this court. Accordingly, we hold that the failure to exhaust the available administrative remedies forecloses judicial consideration of the contention that Hernandez was erroneously classified by his draft board.

■ Hernandez further contends that the exhaustion requirement is inapplicable in this case because he was led to believe that an appeal would be useless by a draft board employee who informed him that Vacation Pioneers would not receive IV-D classifications. We reject this argument since Hernandez admitted on the witness stand that he read the board's letter informing him of his right to appeal.

We have carefully considered each of Hernandez' other contentions and find them without merit.

Affirmed.

---

5. In determining whether the registrant is entitled to a ministerial exemption, this court is guided by the following test:
   "First, the registrant must have the ministry as a vocation rather than as an avocation. . . . .
   "Second, religious affairs must occupy a substantial part of the registrant's time and be carried on with regularity.
   . . . . .

"Finally, and most important, in order to obtain an exemption a registrant must stand in the relation of a minister to a congregation. . . . ."
334 F.2d at 421.

6. McKart claimed exemption as a sole surviving son whose father had been killed while serving in the armed forces of the United States.